Filed 6/21/21  P. v. Stewart CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DARRELL CEDRIC STEWART,<br><br>Defendant and Appellant. | F081190<br><br>(Super. Ct. No. BF133087A)<br><br>**OPINION** |

**THE COURT**\*

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

John P. Dwyer, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*Before Poochigian, Acting P.J., Franson, J. and Peña, J.

## INTRODUCTION

Appointed counsel for defendant Darrell Cedric Stewart asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed and we received no communication from defendant. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

In 2011, a jury convicted defendant of one count of first degree murder (Pen. Code, § 187, subd. (a)) and four counts of premeditated attempted murder (§§ 664, 187, subd. (a)). (*People v. Stewart* (Apr. 10, 2014, F064564) [nonpub. opn.] [2014 Cal.App.Unpub. Lexis 2535, *1–*3] (*Stewart I*).) The jury also found true gang and firearm enhancement allegations (§§ 186.22, subd. (b)(1), 12022.53, subds. (d) & (e)(1)) as to each count and a gang special circumstance allegation (§ 190.2, subd. (a)(22)) as to the murder count. (*Stewart I*, *supra*, F064564 [2014 Cal.App.Unpub. Lexis 2535 at pp. *2–*3].) In a bifurcated proceeding, the trial court found defendant had a prior serious and/or violent felony conviction within the meaning of the three strikes law (§§ 667, subds. (b)–(i) & 1170.12, subds. (a)–(d)), and a prior serious felony conviction (§ 667, subd. (a)(1)), both arising from a 2007 robbery conviction. (*Ibid.*) The court imposed a sentence of life without the possibility of parole on the murder count and four consecutive sentences of 14 years to life on each attempted murder count, each enhanced by an additional 25 years to life pursuant to section 12022.53, subdivisions (d) and (e)(1). (*Stewart I*, *supra*, F064564 [2014 Cal.App.Unpub. Lexis 2535 at pp. *3–*4].) An additional five years was separately imposed on the five counts pursuant to section 667, subdivision (a) for a total term of 156 years to life plus 25 years. (*Ibid.*)

On direct appeal, our court rejected a number of challenges to the judgment, including defendant's assertions that insufficient evidence supported two of his attempted

2.

murder convictions, the gang expert conveyed testimonial hearsay to the jurors, and the trial court erred by failing to question defendant's mental competence before trial. (*Stewart I*, *supra*, F064564 [2014 Cal.App.Unpub. Lexis 2535 at pp. *15–*52).  We also held the trial court improperly stayed the firearm enhancement attached to the murder conviction and ordered the stay lifted, which had the effect of increasing defendant's sentence by 25 years to life.  (*Stewart I*, *supra*, F064564 [2014 Cal.App.Unpub. Lexis 2535 at pp. *52–*60].)  On June 18, 2014, the Supreme Court denied review "without prejudice to any relief to which defendant might be entitled after [it] decides *People v. Sanchez*, S216681."

After the Supreme Court issued its decision in *People v. Sanchez* (2016) 63 Cal.4th 665, our court recalled the remittitur, vacated the decision in *Stewart I*, and reinstated the appeal to permit reconsideration in light of *Sanchez*.  (*People v. Stewart* (Oct. 2, 2019, F064564) [nonpub. opn.] [2019 Cal.App.Unpub. Lexis 6682, *1–*2] (*Stewart II*).)  We also ordered the parties to submit briefing on the impact of Senate Bill No. 620 (2017–2018 Reg. Sess.) and Senate Bill No. 1393 (2017–2018 Reg. Sess.). (*Stewart II*, *supra*, F064564 [2019 Cal.App.Unpub. Lexis 6682 at p. *2].)  After briefing by the parties, we again rejected multiple challenges to the judgment, including finding the *Sanchez* error harmless. (*Stewart II*, *supra*, F064564 [2019 Cal.App.Unpub. Lexis 6682 at pp. *11–*60].)  However, we conditionally remanded the case for a new sentencing hearing for the trial court to determine whether to exercise its newfound discretion to dismiss the prior serious felony and firearm allegations.  (*Stewart II*, *supra*, F064564 [2019 Cal.App.Unpub. Lexis 6682 at pp. *63–*65].)  The Supreme Court denied review.

On May 19, 2020, the trial court denied defendant's request to strike the firearm and prior serious felony allegations.  Defendant appeals.

## DISCUSSION

We appointed counsel, who filed an opening brief pursuant to *Wende*, *supra*, 25 Cal.3d 436, requesting independent review of the record for arguable issues. Appellate counsel notified defendant that he was filing a *Wende* brief and informed defendant he had 30 days from the filing of the brief to submit any claims, arguments, or issues that he wished our court to review. Our court also sent defendant a letter notifying him he could submit a letter stating any grounds on appeal he wanted our court to hear. We have received no reply from defendant.

We are satisfied no arguable issues exist and defendant's counsel has fully satisfied his responsibilities under *Wende*, *supra*, 25 Cal.3d at pages 441–442 and *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.

## DISPOSITION

The judgment is affirmed.